# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARY HAIAR, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05 C 0295 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant, Michael J. Astrue, Commissioner of the Social Security Administration ("the Commissioner"), moves this Court to alter or amend its order of July 31, 2007, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The parties have consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1. After considering the parties' arguments, the Court denies the Commissioner's motion. Therefore, the Court affirms its July 31, 2007, decision remanding the case to the Commissioner for further proceedings.

### I. Background

On February 22, 2000, Mary Haiar filed an application for Disability Insurance Benefits ("DIB"), alleging that she became disabled on November 10, 1999, due to diabetes mellitus, hypertension, morbid obesity, depression, and loss of eyesight in her right eye. (R. at 13, 103-05, 118.) The Social Security Administration ("SSA") denied Haiar's claim initially and again upon

reconsideration. (R. at 70-74, 76-78.) Haiar then requested a hearing before an Administrative Law Judge ("ALJ"). (R. at 79.) Her request was granted, and a hearing was held before ALJ John K. Kraybill on May 16, 2001. (R. at 28.) On June 11, 2001, the ALJ denied Haiar's claim for DIB, finding that Haiar was not disabled under the Social Security Act because her impairments did not prevent her from performing her past relevant work. (R. at 16.) The Appeals Council denied Haiar's request for review, thereby making the ALJ's decision the final decision of the Commissioner. (R. at 4-5.)

Haiar sought review in this Court pursuant to 42 U.S.C. § 405(g), challenging the ALJ's findings on three grounds. First, she argued that the ALJ failed to conduct a proper analysis at step three of the required five-step disability inquiry. (Memorandum Opinion and Order of July 31, 2007, at 13.) Next, Haiar claimed that the ALJ's determinations regarding Haiar's residual functional capacity ("RFC") and the fourth step of the five-step disability inquiry were incorrect. (*Id.*) Finally, she argued that a question that the ALJ asked the vocational expert ("VE") who testified at Haiar's hearing was patently wrong. (*Id.*) This Court upheld the ALJ's RFC and step four determinations and held that the ALJ's hypothetical question to the VE was not patently wrong. (*Id.* at 13-14.) However, the Court reversed the ALJ's decision and remanded the case for further review because the ALJ failed to properly articulate the reasoning underlying his conclusions at step three of the five-step inquiry. (*Id.* at 14, 24.)

The Commissioner now moves this Court pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend its judgment of July 31, 2007, and affirm the Commissioner's decision. (Def.'s Mem., Mot. to Reconsider, at 1.) The Commissioner contends that remand is improper in this case because (1) Haiar did not identify a specific listing that she believed she met; (2) the

record strongly supports the conclusion that Haiar's condition did not meet or equal a listing; and (3) the outcome of this case is unlikely to change upon remand. (*Id.* at 2-4.)

## II. Discussion

### A. Standard of Review

Rule 59(e) allows a party to file a motion to alter or amend a judgment within ten days after judgment is entered. Fed. R. Civ. P. 59(e). This rule enables a district court to correct its own errors without requiring the parties to undertake appellate proceedings that may prove unnecessary. *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). However, the rule does not permit a party to correct its own procedural failures, introduce new evidence, or advance arguments that could and should have been made prior to the entry of judgment. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). The Court may grant a Rule 59(e) motion when the movant presents newly discovered evidence that was unavailable during trial or when the movant points to evidence in the record that indicates that the court made an error of law or fact. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996). The Court may also grant a Rule 59(e) motion if "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). As the

Seventh Circuit noted in *Bank of Waunakee*, these conditions are rarely met, and consequently, motions to reconsider are rarely granted. *Id.*

In Social Security DIB cases, the Court must determine whether the record as a whole contains substantial evidence to support the ALJ's final decision. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Evidence is "substantial" if a reasonable person would accept it as adequate to support the conclusion reached by the ALJ. *Id.* In making this determination, the Court cannot undertake its own analysis, reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute its own judgment for that of the Commissioner. *Id.* However, the Court will not merely "rubber stamp" the Commissioner's decision. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). Rather, the Court must ensure that the ALJ has articulated his analysis at a minimal level; the ALJ must provide "some glimpse into [his] reasoning" by building a "logical bridge" that connects the evidence in the record to his conclusion. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).

### B. The Commissioner's Arguments Were Addressed in the Court's Previous Decision.

The Court finds that it considered and correctly addressed the Commissioner's arguments in its previous decision. Thus, the Court finds that its judgment should not be altered or amended, and the Commissioner's Rule 59(e) motion is therefore denied.

### 1. Remand was necessary because the ALJ failed to specify a relevant listing and his analysis was perfunctory.

The Commissioner argues that reversal and remand was not necessary, citing *Rice v. Barnhart*, 384 F.3d 363, 369-70 (7th Cir. 2004), for the proposition that an ALJ's failure to specify a relevant listing is not in itself grounds for reversal. (Def.'s Mem., Mot. to Reconsider, at 2.) While the Commissioner's citation to *Rice* is accurate, the Commissioner only mentions half of the rule applied by the Seventh Circuit in *Rice*. As this Court stated in its previous decision, the Seventh Circuit in *Rice* held that "where an ALJ omits reference to the applicable listing *and provides nothing more than a superficial analysis,* reversal and remand is required." (Memorandum Opinion and Order of July 31, 2007, at 14 (citing *Rice*, 384 F.3d at 370) (emphasis added).) The complete rule, therefore, is that the ALJ's decision must be reversed and remanded when the ALJ fails both to refer to a listing and to provide more than a superficial analysis. *Rice*, 384 F.3d at 370.

In its previous decision, this Court noted that the ALJ's step three analysis consisted of only two sentences that neither referenced an applicable listing nor tied the evidence in the record to the ALJ's conclusion. (Memorandum Opinion and Order of July 31, 2007, at 15.) The Court determined that because this analysis was superficial and did not mention an applicable listing, *Rice* required that the ALJ's decision be reversed and remanded. (*Id.* at 15-16.)

## 2. The Court correctly held that Haiar was not required to identify a single listing which she believed that she met.

The Commissioner next contends that the Court should alter or amend its judgment because Haiar failed to identify a single listing that she believed her impairment met or equaled. (Def.'s Mem., Mot. to Reconsider, at 2.) The Commissioner claims that Haiar's attorney never argued at any point that Haiar's condition met or equaled a listing. (*Id.* at 2-3.) Furthermore, the Commissioner notes that Haiar's attorney acknowledged that Haiar's diabetes did not meet a listing during the hearing when he stated, "I mean, certainly it doesn't meet a listed impairment." (*Id.* at 2.)

The Commissioner incorrectly implies that Haiar had the burden of identifying a single listing which she believed that her condition met or equaled. While the Commissioner is correct in his assertion that a claimant must meet all of the specified criteria in order to show that her impairment equals a listing, he confuses the burden of explicitly identifying a relevant listing with the burden of proving that a claimant's condition meets all of the criteria of a listing. The Seventh Circuit succinctly addressed the distinction between these two burdens in *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006):

> [The claimant] has the burden of showing that his impairments meet a listing, and he must show that his impairments satisfy all of the various criteria specified in the listing. But this court has also held that an ALJ should mention the specific listing he is considering and his failure to do so, if combined with a perfunctory analysis, may require a remand. (internal citations and quotations omitted)

*Ribaudo* underscores the distinction between the burden on the claimant to prove that her condition meets all of the criteria of a listing and the burden on the ALJ to identify a relevant listing. Accordingly, it is immaterial whether Haiar's attorney failed to argue that Haiar's

- 6 -

condition met or equaled a specific listing since, as the Court noted in its previous opinion, the burden of identifying a relevant listing did not rest with Haiar. (Memorandum Opinion and Order of July 31, 2007, at 17 n.5.)

The Commissioner's argument that Haiar failed to meet her burden of proof because her attorney acknowledged that her diabetes did not meet a listed impairment likewise fails. Haiar argued that she is disabled due to multiple impairments, including diabetes mellitus, hypertension, morbid obesity, depression, and loss of eyesight in her right eye. (R. at 13, 103-05, 118.) A claimant is disabled under the Social Security Act if any one or a combination of several of her impairments meets or equals a listed impairment. *Arnold v. Barnhart*, 473 F.3d 816, 821 (7th Cir. 2007) (citing 20 C.F.R. § 404.1520(a)(4)(iii)). It follows that, even if Haiar's diabetes alone did not satisfy the criteria of a listed impairment, any one of the four remaining impairments or any combination of her diabetes and the four remaining impairments could meet or equal a listed impairment. Therefore, Haiar's attorney's statement that Haiar's diabetes did not meet a listed impairment is inconsequential.

### 3. Haiar presented at least some contradictory evidence regarding her condition.

The Commissioner argues that the record clearly shows that Haiar's condition did not meet or equal a listed impairment. (Def.'s Mem., Mot. to Reconsider, at 3.) He notes that two physicians and a medical expert concluded that Haiar's condition neither met nor equaled a listing, and argues that the ALJ was entitled to rely on these documented medical judgments when deciding whether Haiar's impairment met or equaled a listing. (*Id.*) Furthermore, the

Commissioner points out that Haiar offered no medical opinion to contradict the conclusions of the physicians. (*Id.*)

The Commissioner is correct that an ALJ may rely on the documented medical judgments of a physician. However, once again, the Commissioner's argument is based only on half of the rule that has been applied by the Seventh Circuit in similar cases. In *Ribaudo*, the Seventh Circuit held that "the ALJ may rely solely on opinions given [by agency medical experts] and provide little additional explanation only so long as there is no contradictory evidence in the record." 458 F.3d at 584. Accordingly, where the claimant has presented the court with at least some contradictory evidence as to whether her condition meets or equals a listing, the ALJ cannot simply rely on the opinions of agency experts; instead, the ALJ must conduct a thorough analysis of the evidence presented by the claimant. *Id.* Indeed, the Seventh Circuit has held that the ALJ has a "duty to acknowledge potentially dispositive evidence," as this indicates that "the ALJ has considered all the evidence, as the statute requires him to do." *Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003) (quoting *Stephens v. Heckler*, 766 F.2d 284, 288 (7th Cir. 1985)).

This Court addressed the Commissioner's argument in its earlier opinion, stating that "at least some [contradictory] evidence supports Haiar's claim." (Memorandum Opinion and Order of July 31, 2007, at 16.) The Court went on to state that "when the ALJ deemed Haiar's impairments 'severe,' . . . he implicitly acknowledged that enough evidence exists to find the impairments 'severe.'" (*Id.*) It follows that if Haiar presented sufficient evidence for the ALJ to deem her impairments 'severe,' she must have presented the ALJ with at least some evidence regarding her condition that could contradict the medical judgments of the physicians and

medical experts. Therefore, it was insufficient for the ALJ to simply rely on the opinions of the medical experts. Instead, the ALJ was required to articulate his analysis of the evidence presented to the court by Haiar. Because the ALJ failed to do so, remand is appropriate.

    4.    <u>Remand is necessary in order to ensure that the ALJ conducts a legally adequate analysis.</u>

The Commissioner finally contends that remanding this case would be pointless because the outcome would not change upon remand. (Def.'s Mem., Mot. to Reconsider, at 3.) He points to the fact that this Court's previous opinion affirmed the ALJ's RFC finding, step four finding, and hypothetical question to the VE. (*Id.*) The Commissioner claims that these holdings, coupled with the evidence in the record, show that remanding this case would lead to an inefficient use of the SSA's limited resources with no change in the result. (*Id.* at 3-4.)

The Seventh Circuit has held repeatedly that when an ALJ's decision is so poorly articulated as to prevent meaningful review, the case must be remanded. *See, e.g., Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002); *Brindisi*, 315 F.3d at 786; *Young*, 362 F.3d at 1002. This requirement of adequate articulation protects the claimant's right to "meaningful judicial review." *Scott*, 297 F.3d at 595. When an ALJ fails to provide a sufficient account of his reasoning, this Court's ability to assess the ALJ's findings is frustrated. *See Brindisi*, 315 F.3d at 786. In its July 31st, 2007, opinion, this Court held that because the ALJ conducted his step three analysis in a cursory manner, providing the Court with a mere two sentences that neither referenced a listing nor tied the evidence in the record to his conclusion, the Court was required to reverse the Commissioner's decision and remand the case. (Memorandum Opinion and Order

of July 31, 2007, at 17.)  In order to protect Haiar's interest in meaningful judicial review of her claim, remand is necessary.

The Court also notes that, as discussed above, Haiar did produce evidence that was sufficient for the ALJ to determine that her condition was severe. Upon remand, therefore, when the ALJ will more thoroughly examine Haiar's evidence and articulate his analysis, it is possible that the outcome of this case will change. Accordingly, this Court cannot assume that a remand in this instance is unnecessary or inefficient.

### 5. The Commissioner has not demonstrated a reason for the Court to alter or amend its judgment.

The basic purpose of Rule 59(e) is to allow a party to present the Court with newly discovered evidence that was unavailable during trial or to point to evidence in the record indicating that the Court made an error of law or fact. *Prince*, 85 F.3d at 324. A Rule 59(e) motion is also appropriate where the law or facts have changed in a significant way since the parties presented the issue to the Court. *Bank of Waunakee*, 906 F.2d at 1191. In this case, the Commissioner has failed to come forward with any newly discovered evidence that was not available at the time the case was first presented to the Court or to point to evidence in the record indicating that this Court made an error of law or fact in its opinion and order of July 31, 2007. There is no indication that the law or facts have changed in a significant way since the parties first presented their arguments to the Court. Instead, the Commissioner has merely advanced arguments that were either made in his earlier motion for summary judgment or that should have been made at that time. Furthermore, for the reasons discussed above, the Court is satisfied that

its original decision is correct. Therefore, the Commissioner's motion requesting that the Court alter or amend its order of July 31, 2007, is denied.

### III. Conclusion

For the foregoing reasons, the Court denies the Commissioner's Rule 59(e) motion to alter or amend its July 31, 2007, order. Accordingly, the Commissioner's decision is reversed and remanded for further proceedings.

**ENTER ORDER:**

*[signature]*

**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: October 17, 2007.

Copies have been mailed to:

| | |
|---|---|
| ASHLEY S. ROSE, Esq.<br>Law Offices of Ashley S. Rose<br>799 Roosevelt Road<br>Building 6, Suite 104<br>Glen Ellyn, IL 60137 | DONALD R. LORENZEN, Esq.<br>Assistant United States Attorney<br>219 South Dearborn Street<br>Chicago, IL 60604<br><br>ALFRED C. SANCHEZ, Esq.<br>Assistant Regional Counsel<br>Social Security Administration<br>200 West Adams Street<br>30th Floor<br>Chicago, IL 60606 |
| Attorney for Plaintiff | Attorneys for Defendant |