# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARY HAIAR, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05 C 0295 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On January 18, 2005, Plaintiff, Mary Haiar ("Haiar"), appealed a final order of Defendant, Michael J. Astrue, Commissioner of the Social Security Administration ("the Commissioner"), denying her application for Disability Insurance Benefits. This Court, in its Memorandum Opinion and Order of July 31, 2007, reversed the Commissioner's decision and remanded the case for further proceedings. The Commissioner timely filed a motion asking the Court to alter or amend its judgment pursuant to Federal Rule of Civil Procedure 59(e) on August 9, 2007. That motion was denied on October 17, 2007. On October 9, 2007, Haiar filed a motion asking this Court to grant her costs and attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner, in turn, moves this Court to dismiss Haiar's motion without prejudice because it is untimely.

The parties agree that an EAJA petition can only be brought once the underlying judgment is final and non-appealable. (*See* Def.'s Mem., Mot. to Dismiss, at 2; Pl.'s Mot. at 1.) The Supreme Court has held that the thirty-day time period within which an EAJA motion for

attorneys' fees may be brought "begins to run after the time to appeal [the final judgment] has expired." *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). The Federal Rules of Appellate Procedure provide that, because the Defendant in this case is an officer or agency of the United States, the parties have sixty days from the entry of final judgment to appeal the judgment. Fed. R. App. P. 4(a)(1)(B). The Rules further provide that when, as in this case, a Rule 59(e) motion to alter or amend the judgment is filed, the sixty-day appeals period runs from the date that an order disposing of that motion is entered. Fed. R. App. P. 4(a)(4)(A)(iv). In this case, that date is October 17, 2007. Therefore, the Court's judgment is not "final" for the purposes of EAJA until sixty days from October 17, 2007.

Because the Court's decision will not be final for EAJA purposes for sixty days after the entry of its October 17, 2007, order denying the Commissioner's Rule 59(e) motion, Haiar's motion for fees and costs was untimely when filed on October 9, 2007, and it continues to be untimely. Therefore, the Court has no choice but to dismiss Haiar's motion for fees and costs without prejudice and with leave to re-file after the expiry of the sixty-day appeals period that began on October 17, 2007.

**ENTER ORDER:**

_____
**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: October 18, 2007.

Copies have been mailed to:

| | |
|---|---|
| ASHLEY S. ROSE, Esq.<br>Law Offices of Ashley S. Rose<br>799 Roosevelt Road<br>Building 6, Suite 104<br>Glen Ellyn, IL 60137 | DONALD R. LORENZEN, Esq.<br>Assistant United States Attorney<br>219 South Dearborn Street<br>Chicago, IL 60604<br><br>ALFRED C. SANCHEZ, Esq.<br>Assistant Regional Counsel<br>Social Security Administration<br>200 West Adams Street<br>30th Floor<br>Chicago, IL 60606 |
| Attorney for Plaintiff | Attorneys for Defendant |