

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARY HAIAR, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05 C 0295 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mary Haiar petitions this Court for an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant, the Commissioner of Social Security ("Commissioner"), opposes Haiar's motion on the grounds that the government's position in the underlying litigation was substantially justified. The parties have consented to have this Court resolve any and all disputes in this case, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1. For the reasons stated below, Haiar's petition is granted.

### I. Background

On February 22, 2000, Mary Haiar filed an application for Disability Insurance Benefits ("DIB"), alleging that she became disabled on November 10, 1999, due to diabetes mellitus, hypertension, morbid obesity, depression, and loss of eyesight in her right eye. (R. at 13, 103-05, 118.) The Social Security Administration ("SSA") denied Haiar's claim initially and again upon reconsideration. (R. at 70-74, 76-78.) Haiar then requested a hearing before an Administrative

Law Judge ("ALJ"). (R. at 79.) Her request was granted, and a hearing was held before ALJ John K. Kraybill on May 16, 2001. (R. at 28.) On June 11, 2001, the ALJ denied Haiar's claim for DIB, finding that Haiar was not disabled under the Social Security Act because her impairments did not prevent her from performing her past relevant work. (R. at 16.) The Appeals Council denied Haiar's request for review, thereby making the ALJ's decision the final decision of the Commissioner. (R. at 4-5.)

Haiar sought review in this Court pursuant to 42 U.S.C. § 405(g), challenging the ALJ's findings on three grounds. First, she argued that the ALJ failed to conduct a proper analysis at step three of the required five-step disability inquiry. (Memorandum Opinion and Order of July 31, 2007 at 13.) Next, Haiar claimed that the ALJ's determinations regarding Haiar's residual functional capacity ("RFC") and the fourth step of the five-step disability inquiry were incorrect. (*Id.*) Finally, she argued that a question that the ALJ asked the vocational expert ("VE") who testified at Haiar's hearing was patently wrong. (*Id.*) This Court upheld the ALJ's RFC and step four determinations and held that the ALJ's hypothetical question to the VE was not patently wrong. (*Id.* at 13-14.) However, the Court reversed the ALJ's decision and remanded the case for further review because the ALJ failed to properly articulate the reasoning underlying his conclusions at step three of the five-step inquiry. (*Id.* at 14, 24.) The Commissioner then filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), which this Court denied on October 17, 2007. Haiar timely filed the instant petition for attorneys' fees.

## II. Discussion

Under EAJA, the Court may award attorneys' fees if (1) the plaintiff is the "prevailing party" in the underlying litigation; (2) the government's position in the underlying litigation or

administrative proceedings was not "substantially justified"; (3) there are no special circumstances that would make an award of fees unjust; and (4) the fee petition is submitted within thirty days of final judgment and is accompanied by an itemized statement of fees. 28 U.S.C. § 2412(d)(1)(A) and (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). In this case, it is clear that Haiar is the prevailing party in the underlying litigation, and the Commissioner does not argue that special circumstances would make an award of fees inappropriate in this case or that the petition was procedurally deficient. Therefore, the only issue that the Court must address is whether the government's position was "substantially justified."

The "substantially justified" standard applies both to the government's pre-litigation position, represented in this case by the ALJ's ruling, and to the position the government took in litigating this case. *Cunningham*, 440 F.3d at 863-64. While the fact that the Commissioner lost in the underlying litigation creates no presumption in favor of awarding fees, *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994), the government bears the burden of showing that its position was "substantially justified" at both stages in order to defeat the claim for attorneys' fees. *Cunningham*, 440 F.3d at 864. The Seventh Circuit has stated that the "substantial justification" standard "requires the government to show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). Put simply, the government must show "a rational ground for thinking that it had a rational ground" for denying benefits. *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994). It is well settled that a party's position can be "substantially justified" but

incorrect, as long as a reasonable person could think that the position was correct. *Golembiewski*, 382 F.3d at 724 (citing *Pierce v. Underwood*, 487 U.S. 552, 566 n. 2 (1988)).

The Commissioner urges the Court to find that the government's position was substantially justified, noting that the Court rejected most of Haiar's arguments for reversal. The Court reversed and remanded the case solely because the ALJ failed to provide an adequate articulation of the reasons for his conclusion that Haiar's impairments did not meet or equal a listed impairment. Therefore, the Commissioner argues, the Court could still find that the government's overall position was substantially justified based on the totality of the facts in the record. (Def.'s Br. at 6-8.) The Commissioner also relies on the absence of "strong language" in the Court's opinion reversing and remanding the ALJ's decision as evidence that the government's position was substantially justified. The Court disagrees.

In its initial opinion in this case, the Court noted that the ALJ's step three analysis consisted of only two sentences that neither referenced an applicable listing nor tied the evidence in the record to the ALJ's conclusion. (Memorandum Opinion and Order of July 31, 2007 at 15.) The Court determined that because this analysis was superficial and did not mention an applicable listing, *Rice v. Barnhart*, 384 F.3d 363 (7th Cir. 2004), required that the ALJ's decision be reversed and remanded. (*Id.* at 15-16.) The rationale for reversal in such cases is that the Court cannot determine whether there is evidence that a reasonable person would accept as adequate to support the ALJ's conclusion in the absence of a logical explanation of the ALJ's reasoning. If a reasonable mind would not accept the ALJ's reasoning on this key issue as adequate to support his conclusion, it is difficult to see how the conclusion, and consequently the outcome of the case, can be "substantially justified." In defending the ALJ's flawed judgment on appeal and then once more

in a motion for reconsideration, the Commissioner acted without substantial justification. The additional support for the ALJ's decision that the Commissioner has articulated in his three briefs before this Court does not negate the lack of reasoning, and therefore justification, in the ALJ's original opinion. Therefore, the Court finds that an award of fees and costs is appropriate under EAJA.

Haiar seeks 46.5 hours of attorneys' fees arising out of her appeal in this case and her opposition to the Commissioner's motion for reconsideration at rates between $143.75 and $161.25 per hour. These rates, which exceed the statutory limit of $125 per hour, are appropriate in light of increases in the cost of living as reflected in the Consumer Price Index. Determining rates by using the annual CPI for each of the years in question is appropriate. *See Marcus*, 17 F.3d at 1040; *Reynolds v. Barnhart*, No. 02 C 1545, 2003 WL 21544018, at *2 (N.D. Ill. July 7, 2003) (granting attorneys' fees at an hourly rate reflecting cost of living increases in Chicago based on the CPI). Furthermore, the Court finds that the number of hours expended was reasonable. Therefore, Haiar's petition for fees is granted in the amount of $7,306.51.

## III. Conclusion

For the reasons stated above, Haiar's petition for attorneys' fees and costs is granted. Fees and costs in the amount of $7,306.51 shall be paid directly to Haiar's attorney, Ashley S. Rose.

**ENTER ORDER:**

MARTIN C. ASHMAN
United States Magistrate Judge

Dated: April 17, 2008.